**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4203**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL KENNETH DWAYNE NELSON, II,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:22-cr-00022-NKM-2)

Submitted:  February 27, 2025                           Decided:  March 3, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Dennis E. Jones, DENNIS E. JONES, ATTORNEY AT LAW P.L.C., Abingdon, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Darryl Kenneth Dwayne Nelson, II, of conspiracy to distribute and possess with intent to distribute cocaine and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851. Nelson's sole argument on appeal is that the evidence was insufficient to support the jury's guilty verdict because there was no evidence of an agreement. We affirm.

"We review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence to support his conviction "bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted).

To prove that Nelson violated 21 U.S.C. § 846 by conspiring to distribute and possess with intent to distribute cocaine and methamphetamine, the Government was required to establish "(1) an agreement between two or more persons to engage in conduct

2

that violates a federal drug law; (2) [Nelson's] knowledge of the conspiracy; and (3) [his] knowing and voluntary participation in the conspiracy." *United States v. Watkins*, 111 F.4th 300, 309 (4th Cir. 2024) (internal quotation marks omitted). A jury can infer both the existence of a conspiracy and the defendant's knowledge of it "from circumstantial evidence, such as the defendant's relationship with other members of the conspiracy, the length of his association, his attitude, [his] conduct, and the nature of the conspiracy." *Id.* (cleaned up); *see also United States v. Landersman*, 886 F.3d 393, 407 (4th Cir. 2018).

Nelson asserts that, at most, the evidence established that his coconspirator, Markel Mellette, occasionally "asked [him] to pick up various personal items," including cash. Contrary to this assertion, we conclude that substantial evidence supports the jury's finding that Nelson actively participated in a conspiracy to distribute cocaine and methamphetamine. The jury heard testimony from coconspirators, a confidential informant, and law enforcement officers, all of whom implicated Nelson in the sale of both methamphetamine and cocaine. This testimony was corroborated by physical evidence, including methamphetamine and digital scales that law enforcement officers seized from Mellette's motel room. Nelson had attempted to clean out the motel room the same day that Mellette was arrested with a kilogram of cocaine in his car. The jury also heard recorded jail phone calls in which Nelson and Mellette discussed the collection of drug proceeds.

In light of the substantial evidence adduced by the Government, Nelson fails to satisfy his "heavy burden" of establishing that the evidence was insufficient to sustain his conviction. *See Wysinger*, 64 F.4th at 211. We therefore affirm the criminal judgment.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*